IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF A SILVER APPLE iPHONE S, IMEI#356135095278267; A BLACK APPLE iPHONE, IMEI#357341090360394; A SILVER APPLE iPHONE, IMEI#354385068687844; AND A SILVER APPLE iPHONE S, IMEI#355721070913753 | Case Nos. | 19-1195 BPG<br><br>19-1196 BPG<br><br>19-1197 BPG<br><br>19-1198 BPG |

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANTS

Your Affiant, Special Agent ("SA") Sung Kim, being duly sworn, deposes and states as follows:

1.  This is an Affidavit in support of applications for search warrants authorizing the search of a silver Apple iPhone S, IMEI#356135095278267 (**Target Cellphone 1**); a black Apple iPhone, IMEI#357341090360394 (**Target Cellphone 2**); a silver Apple iPhone, IMEI#354385068687844 (**Target Cellphone 3**); and a silver Apple iPhone S, IMEI#355721070913753 (**Target Cellphone 4**) (collectively, the **Target Cellphones**). The phones are currently in the custody of the Baltimore County Police Department (BCPD).

2.  As detailed further below, on March 1, 2019, Baltimore County Police (BCPD) officers arrested MARQUIS MOORE, MILEK RANKIN, and DONTRELL GLOVER on suspicion of having committed a commercial armed robbery. The **Target Cellphones** were recovered pursuant to the arrest of MOORE and RANKIN during the execution of a search warrants of a 2017 Toyota Camry bearing Maryland registration 3CJ9546 (**Target Vehicle**) and



MOORE's residence, located at 127 Thomas Guidera Circle, Baltimore, Maryland 21229 (**Target Residence**).

3. The applied-for warrant would authorize the forensic examination of the **Target Cellphones** to identify evidence of violations of 18 U.S.C. § 1951 (Hobbs Act robbery) and 18 U.S.C. § 924(c) (use of a firearm during a crime of violence), as more particularly described in Attachment B and using the protocols described in Attachment B.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for search warrants, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

## YOUR AFFIANT

5. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

6. I am a Special Agent of the FBI and am currently assigned to a violent crime task force comprised of FBI agents, detectives from the Baltimore Police Department (BPD) and detectives from the Baltimore County Police Department (BCDP). I have worked for the FBI since 2008 and have participated in numerous investigations focusing on violent crimes, to include,

bank robberies, Hobbs Act robberies, kidnappings, extortions, and fugitives. I have also participated in the execution of numerous state and federal search and arrest warrants involving violent offenders.

7. I am familiar with the mode of operation of individuals who commit violent crimes, including, but not limited to, their use of cellular telephones to plan and coordinate their crimes. Based on my knowledge, training, and experience, I know the following:

    a. Individuals who commit violent crimes often use cellular telephones, communication devices, and other electronic media storage to further their illegal activities.

    b. Cellphones have digital camera capabilities and digital storage capacity. Violent criminals sometimes take photographs of themselves, their co-conspirators, weapons and/or the proceeds of their crimes. These pictures are often stored on a criminal's cell phone.

    c. Individuals who commit violent crimes often maintain telephone number "contact lists" of individuals who may have assisted in the planning of this and other criminal activity on their cellphones.

    d. Individuals who commit violent crimes frequently use cellular telephones to make voice calls and to exchange text messages with other co-conspirators regarding their criminal offenses. Cellphones frequently store records of these communications.

## PROBABLE CAUSE

8. On October 6, 2018, officers of the BPD responded to a call for an armed robbery at the MetroPCS store located 2440 North Charles Street, Baltimore, Maryland 21218. The victim of the robbery reported that a black male, armed with a black handgun, entered the store and announced a robbery while another black male secured the door. Both suspects then went behind the counter and removed U.S. currency from the registers and took five cellular phones before

fleeing the store. The first suspect was described as a black male in his late teens, early 20's, wearing dark clothing and blue medical gloves. The second suspect was described as a black male wearing a grey jacket and blue medical gloves. Both suspects were wearing black face masks.

9. On November 2, 2018, an employee of the MetroPCS store provided additional information pertaining to the stolen cellular phones. The employee indicated that the stolen phones have been activated in the name of DEVONTA CARROLL, resident at the **Target Residence**, with a phone number (443) 979-1125.

10. On November 20, 2018, at approximately 8:15 p.m., officers from the BPD responded to a call for an armed robbery at the Shoe City located 3418 Annapolis Road, Baltimore, Maryland 21227. Upon entering the store, the first suspect displayed a gray or black handgun and announced robbery while the second suspect went behind the counter and removed U.S. currency from two cash registers. In addition, the first suspect ordered an employee to give him four pairs of Nike shoes. After taking the shoes and U.S. currency, the suspects fled and were observed getting into a dark-colored vehicle. The first suspect was described as a black male with a gray hooded sweatshirt, blue jeans, and wore a black ski mask. The second suspect was described as a black male with dark clothing, a white "skull" mask, and purple medical gloves.

11. Approximately 30 minutes after the robbery, officers received a License Plate Reader (LPR) hit on a 2002 Dodge Neon, Maryland registration 4DL5450. This vehicle was followed by patrol units, as well as the BCPD Aviation unit. The vehicle was driven to the 100 block of Monastery Avenue, Baltimore, Maryland 21229, where the suspect driver fled the vehicle and ran into the wooded area near the location. The BCPD Aviation unit maintained visual on the suspect and was able to advise the ground patrol units that the suspect went into the rear of **Target Residence**. A few minutes later, patrol units arrived at the **Target Residence** and were able to

make contact with a person inside the residence who was later identified as DEVONTA CARROLL. A search of the stolen vehicle found property taken from the Shoe City robbery but no one was arrested because the patrol units could not positively identify CARROLL as the suspect that ran from the stolen vehicle to the **Target Residence**.

12. On February 7, 2019, at approximately 7:15 p.m., officers from the BPD responded to a call for an armed robbery at the MetroPCS store located at 1490 West Patapsco Avenue, Baltimore, Maryland 21230. Upon entering the store and announcing robbery, one of the suspects displayed a dark colored handgun, and the other suspect displayed a silver handgun. A third suspect then went behind the counter and took U.S. currency from the registers. The third suspect also took three packaged cellular phones that were later activated in the name of DEVONTA CARROLL.

13. On January 3, 2019, a search warrant was signed by Baltimore County Circuit Court Judge Jan Alexander for cellphone tower records associated with locations of six related Baltimore City and Baltimore County robberies. A phone number associated with MARQUIS DAVON MOORE, ((443) 754-8597)(**Target Cellphone 1**)(a silver Apple iPhone S, IMEI#356135095278267), who is a resident of the **Target Residence**, showed the phone to be in the area of the robberies at the following locations:

    a. November 17, 2018: Shell gas station located 1517 South Caton Avenue, Baltimore, Maryland 21227;

    b. December 3, 2018: Shoe City located 3943 Erdman Avenue, Baltimore, Maryland 21213; and

    c. December 3, 2018: Shoe City located 2441 Frederick Avenue, Baltimore, Maryland 21223.

Moreover, this was the most common number found in all cellphone records for the phone number provider of the cellphone towers nearest the locations of the robberies during the date and time of each robbery involved in the search warrant.

14. On February 6, 2019, a search warrant was signed by United States Magistrate Judge Beth P. Gesner for cellphone tower records associated with eleven robbery locations in Baltimore County, Anne Arundel County, and Baltimore City. The phone number associated with MOORE, **Target Cellphone 1,** was found to be in the area of six of those robberies:

   a. December 12, 2018: Dollar General Store located 4101 Pulaski Highway, Baltimore, Maryland 21230;

   b. December 13, 2018: Dollar General Store located 2511 Greenmount Avenue, Baltimore, Maryland 21218;

   c. December 20, 2018: T-Mobile located 5400 Belair Road, Baltimore, Maryland 21206;

   d. January 4, 2019: Boost Mobile located 1223 Eastern Boulevard, Essex, Maryland 21221;

   e. January 7, 2019: Boost Mobile located 624 Cherry Hill Road, Baltimore, Maryland 21225; and

   f. January 11, 2019 at Metro PCS located 7553 Ritchie Highway, Glen Burnie, Maryland 21061.

15. On February 4, 2019, two Nintendo Switch gaming devices were stolen during a robbery of the GameStop store located at 7400 Ritchie Highway, Glen Burnie, Maryland, 21061. Sometime after the robberies, the gaming devices were activated under the names of MILEK

ANTON RANKIN and NAKIYA JANELL DULA. Both RANKIN and NAKIYA DULA were determined by law enforcement agents to be associates of MARQUIS MOORE.

16. On February 18, 2019, MOORE was arrested by BPD on charges related to the robberies discussed above. BPD detectives observed MOORE walk with an abnormal gait that was similar, if not identical, to that observed of one of the suspects seen in surveillance footage of the robberies.

17. A dark-colored Toyota Camry with tinted windows were observed by law enforcement officers during the following robberies:

    a. January 27, 2019: McDonald's located 3920 Falls Road, Baltimore, Maryland 21211;

    b. February 4, 2019: GameStop located 7300 Ritchie Highway, Ritchie Highway, Glen Burnie, Maryland 21061; and

    c. February 7, 2019: GameStop located 1519 Merritt Boulevard, Dundalk, Maryland 21222.

18. On February 26, 2019, detectives from BCPD responded to the **Target Residence** to conduct surveillance after being notified of a related robbery that had occurred at a McDonald's located at 2107 East Joppa Road, Parkville, Maryland 21229. Approximately one hour after the robbery, BCPD detectives observed a dark-colored Toyota Camry stop near the **Target Residence** and one subject exited the passenger seat. The subject then entered the **Target Residence** as the vehicle left the area.

19. Detectives identified that DONTRELL ERIC GLOVER is an associate of MOORE. Law Enforcement data base showed that MOORE recently described GLOVER as his cousin and listed as an alternate contact. GLOVER was also identified to be the registered owner of a 2017

Toyota Camry bearing Maryland registration 3CJ9546 and VIN 4T1BF1FK4HU767064, **Target Vehicle**. The **Target Vehicle** was also observed to be black in color with tinted windows.

20. On January 29, 2019 at approximately 8:50 p.m., detectives from BCPD utilized Law Enforcement database to find **Target Vehicle** driving past the intersection of Wilkens Avenue and Alan Drive towards Baltimore City. A related robbery occurred at a McDonald's in Baltimore County located at 501 Frederick Road, Catonsville, Maryland 2122 at 8:45 p.m. The location the **Target Vehicle** was found to be traveling past was approximately two miles from the robbery and the **Target Vehicle's** route of travel is consistent with traveling back to the area of the **Target Residence** after the robbery.

21. On February 27, 2019, detectives used various police databases and determined that cellphone number (804) 433-8250 (a silver Apple iPhone, IMEI#354385068687844) (**Target Cellphone 3**) was associated with DONTRELL GLOVER. That phone number was queried through the data retrieved from the aforementioned search warrant for cell tower records signed by Baltimore County Circuit Court Judge Jan Alexander on January 3, 2019. The cell tower data revealed that **Target Cellphone 3** was in the vicinity of two of robbery incidents:

    a. December 3, 2018: Shoe City located 3943 Erdman Avenue, Baltimore, Maryland 21213; and

    b. December 3, 2018: Shoe City located 2441 Frederick Avenue, Baltimore, Maryland 21223.

22. On February 27, 2019, a search warrant was obtained to place a GPS tracking device on the **Target Vehicle**. A GPS tracking device was placed on the **Target Vehicle** on March 1, 2019 at 5:04 a.m.

23. On March 1, 2019, at approximately 8:14 p.m., officers from BCPD responded to the McDonalds located at 6005 Liberty Road in reference to an armed robbery. According to the victims/witnesses, S1 and S2 entered the restaurant, jumped the counter, and immediately ordered an employee to open the cash register. S2 stayed at the front while S1 walked back to the manager's office. S2 utilized a handgun to threaten an employee and both suspects ordered the employee to open the safe. The employee opened the safe and S1 removed U.S. currency. S1 and S2 then fled through a rear emergency door.

24. Detectives from BCPD were observing data associated with the GPS tracking device attached to the **Target Vehicle** and determined that the vehicle was located at the McDonald's immediately before and after the robbery. The description and location of the **Target Vehicle** broadcasted to police patrol units.

25. BCPD detectives observed the **Target Vehicle** entering the BP Gas Station located at 2012 North Forest Park Road, Baltimore, Maryland 21207. The driver of the **Target Vehicle** exited the **Target Vehicle** and approached the gas pumps. The driver of the **Target Vehicle**, later identified as GLOVER, exited the vehicle and fled the scene, along with the rear passenger, later identified as RANKIN. After a short foot pursuit, both GLOVER and RANKIN were placed under arrest. As GLOVER and RANKIN were being placed under arrest, the second passenger in the vehicle relocated to the front driver's seat and fled the scene in the **Target Vehicle**.

26. The **Target Vehicle** was then determined to be parked on Daystar Court in Columbia, Maryland by detectives from BCPD and data transmitted by the GPS tracking device attached to the **Target Vehicle**. The driver of the vehicle, identified as MOORE, was observed exiting the **Target Vehicle** and walking to the area of a nearby townhome. BCPD detectives were aware that MOORE had a girlfriend who resided at 10325 Daystar Court, Columbia, Maryland

9

21044. Shortly thereafter, MOORE was located inside of 10325 Daystar Court and arrested without incident. GLOVER, RANKIN, and MOORE, all placed under arrest, were then transported to BCPD Headquarters.

27. During the arrest of RANKIN and MOORE, a large sum of U.S. currency was found on both men. RANKIN wore a plaid hooded sweatshirt identical to that observed on surveillance footage from the robbery at McDonalds on February 26, 2019. Also, after the arrest of RANKIN and MOORE, a silver Apple iPhone S, IMEI#356135095278267 (**Target Cellphone 1**) was recovered from MOORE, and a black Apple iPhone, IMEI#357341090360394 (**Target Cellphone 2**) was recovered from RANKIN.

28. On March 2, 2019, a search warrant was executed at the **Target Residence**. During the search, a silver Apple iPhone S, IMEI#355721070913753 (**Target Cellphone 4**) was recovered along with a PlayStation 4 stolen from the GameStop robbery on February 7, 2019, at 1519 Merritt Boulevard, Dundalk, Maryland 21222. During the search of the **Target Vehicle**, a silver Apple iPhone, IMEI#354385068687844 (**Target Cellphone 3**) was seized from inside of the vehicle.

## CONCLUSION

29. Based on the above information, I submit that there is probable cause to believe that the **Target Cellphones** and the records and information stored therein, contain evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. §§ 1951, and 924(c) as described in Attachment B. I therefore respectfully request the issuance of the search warrant accompanying this affidavit.

_____
Sung Kim
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn to me this ___7TH___ day of April 2019.

_____
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

11

## ATTACHMENT A – DESCRIPTION OF ITEMS TO BE SEARCHED

The items to be searched are:

(1) a **silver iPhone S, IMEI#356135095278267**;

(2) a **black iPhone, IMEI#357341090360394**;

(3) a **silver iPhone, IMEI#354385068687844**; and

(4) a **silver iPhone S, IMEI#355721070913753**

The devices will be charged and powered on. The devices and all readable and searchable contents will be downloaded to a "CellBrite" or "XRY" device. The "CellBrite" or "XRY" device allows the user to bypass any password protected utility on the phone. The contents downloaded on the "CellBrite" or "XRY" device will then be copied to a readable computer disc and reviewed by your affiant. A search warrant return will be provided to the Court thereafter.

## ATTACHMENT B – ITEMS TO BE SEIZED AND SEARCH PROTOCOL

All records contained in the items described in Attachment A which constitute evidence of violations of 18 U.S.C. § 1951 and 18 U.S.C. § 924(c), as outlined below:

1. Any and all records related to the location of the user(s) of the devices (the TARGET CELLPHONES).

2. For each of the devices:

    a. digital images;

    b. digital videos;

    c. records of incoming and outgoing voice communications;

    d. records of incoming and outgoing text messages;

    e. the content of incoming and outgoing text messages;

    f. voicemails;

    g. voice recordings;

    h. contact lists;

    i. location data;

    j. Evidence of who used, owned, or controlled the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    k. evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    l. evidence of the lack of such malicious software;

    m. evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

    n. evidence of counter forensic programs (and associated data) that are designed to eliminate data from the Devices;

o. evidence of the times the Devices were used;

p. passwords, encryption keys, and other access devices that may be necessary to access the Devices;

q. documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

r. contextual information necessary to understand the evidence described in this attachment.

3. With respect to the search of any of the items described above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment (including CDs, DVDs, thumb drives, flash drives, hard disk drives, or removable digital storage media, software or memory in any form), the search procedure may include the following techniques (the following is a non-exclusive list, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein, while permitting government examination of all the data necessary to determine whether that data falls within the items to be seized):

   a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

   b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

   c. "scanning" storage areas to discover and possible recover recently deleted files;

   d. "scanning" storage areas for deliberately hidden files; or

   e. performing key word searches or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

4. If after performing these procedures, the directories, files or storage areas do not reveal evidence of the specified criminal activity, the further search of that particular directory, file or storage area, shall cease.